# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 17, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * | | UNPUBLISHED |
| BARBARA WELLEN, | * | |
| | * | No. 17-767V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; Dismissal |
| AND HUMAN SERVICES | * | Decision. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * | | |

Alison H. Haskins, Maglio, Christopher and Toale, PA (FL), Sarasota, FL, for petitioner.
Lisa A. Watts, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 26, 2019, Barbara Wellen ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 51). For the reasons discussed below, I **GRANT** petitioner's motion for attorneys' fees and costs and award a total of **$43,948.12**.

### I.   Procedural History

On June 9, 2017, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving an influenza ("flu") vaccination on October 5, 2015. Petition at Preamble, ¶¶ 1-6. The case was originally assigned

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

to the Special Processing Unit ("SPU").  The case was reassigned to the undersigned on March 5, 2018.

I held a status conference on April 5, 2018, where I directed the parties to file expert reports relating to petitioner's alleged injury.  Scheduling Order (ECF No. 24).  Petitioner filed an expert report from Dr. Domenick J. Sisto, an orthopaedic specialist.  ECF No. 29.  Respondent filed an expert report by Dr. David Ring, an orthopedic surgeon, specializing in upper limb problems.  Respondent ("Resp.") Exhibit A (ECF No. 31).  I held a Rule 5 Status Conference on October 26, 2018.

I issued a Rule 5 Order, where I stated that it appeared that petitioner's alleged shoulder injury predated the vaccination and worsened over time.  Rule 5 Order at 2.  Further, I indicated that it would be difficult for petitioner to distinguish between the pre-and post-vaccination symptoms as required by *Loving v. Sec'y of Health & Human Servs.,* 86 Fed. Cl. 135, 144 (2009), and recommended that counsel discuss the difficulty with succeeding in this case and forward a modest demand to respondent.  *Id.*

On April 16, 2019, the respondent filed a status report and stated that he was not interested in pursuing settlement in this case and requested that a hearing date to be set or the Special Master resolve the case on the record.  Resp. Status Report (ECF No. 39).  On April 17, 2019, I issued an order directing petitioner's counsel to reiterate the difficulty of succeeding in the case and consider moving for a voluntary dismissal or request that this case be placed on the hearing calendar for 2021.  Scheduling Order (ECF No. 40).

On June 13, 2019, petitioner filed a Motion for a Decision Dismissing Petition to voluntarily withdraw her claim.  (ECF No. 45).  On June 17, 2019, I granted petitioner's motion and dismissed petitioner's claim.  (ECF No. 46).  Judgment was entered on June 20, 2019 (ECF No. 48).

On August 26, 2019, petitioner filed a motion for attorneys' fees and costs.  Pet. Fees App. (ECF No. 51).  Petitioner requests compensation for her attorneys, Alison H. Haskins and, in the total of $43,948.12.  Pet. Fees App. at ¶ 9.  This represents $35,291.40 in attorneys' fees and $8,656.72 in costs.  *Id.* at ¶¶ 3-4.

On September 4, 2019, respondent filed a response to petitioner's motion.  Resp. Response (ECF No. 52).  Respondent stated, "Respondent defers to the Special Master as to whether the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  Resp. Response at 2-3.

On September 5, 2019, petitioner filed a reply to respondent's response.  Pet. Reply (ECF No. 53).  Petitioner states that respondent's position burdens the Court by not engaging in the review of attorneys' fees and costs, however, petitioner acknowledges that Special Masters have an independent duty to make determinations about the reasonableness of fees and costs.  Pet. Reply at 2-3.

This matter is now ripe for adjudication.

## II.     Legal Standard

Under Section 15(e) of the Vaccine Act, a special master "may" award reasonable attorneys' fees and costs "if the special master determines that the petition was brought in good faith and there was a reasonable basis for which the petition was brought" even when a petition does not result in compensation for petitioner. 42 U.S.C. § 300aa-15(e)(1).

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

## III.    Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought. Petitioner asserted that she suffered a SIRVA as a result of receiving the flu vaccination. Petition at ¶¶ 1-2. After the Rule 5 Status Conference on October 26, 2018, petitioner engaged with respondent in unfruitful settlement negotiations per my order. *See* Rule 5 Order. Additionally, after respondent indicated that settlement was not an option, petitioner's counsel took the appropriate steps necessary and filed a motion to dismiss the petition, thus not utilizing more of the court or respondent's time in litigating this case.

Although it appeared unlikely that petitioner would be entitled to recovery after a careful review of the record and expert reports filed, petitioner initially had evidence of medical condition that could be caused by vaccination. Additionally, by dismissing the claim after a review of the facts, the amount of fees and costs were limited. Accordingly, I find that petitioner should be awarded reasonable attorneys' fees and costs.

### IV. Reasonable Fees and Costs

#### A. Hourly Rate

Petitioner requests compensation for her attorneys, Mr. FJ Caldwell and Ms. Alison Haskins at the Maglio Christopher & Toale law firm. Petitioner requests that Mr. Caldwell be reimbursed at a rate of $356.00 per hour for work performed in 2016; $367.00 per hour for work performed in 2017; $385.00 per hour for work performed in 2018; and at $400.00 per hour for work performed in 2019. Petitioner requests that Ms. Haskins be reimbursed at a rate of $387.00 per hour for work performed in 2019. Fees App. Ex. 18. Petitioner also requests compensation for six paralegals for work performed from 2015-2019 ranging from $105.00-$154.00 per hour. *Id.*

These attorneys at the Maglio firm have been awarded these attorney and paralegal rates by special masters in the Vaccine Program before and these rates are consistent with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules for those years.[3] *See Meyer v. Sec'y of Health & Human Servs.,* No. 16-1414V, 2018 WL 3987338 (Fed. Cl. Spec. Mstr. May 15, 2018); *Montgomery v. Sec'y of Health & Human Servs.,* No. 18-0033V, 2019 WL 5098894 (Fed. Cl. Spec. Mstr. July, 25, 2019). As a result, I find the requested attorney and paralegal rates to be reasonable and will award those hourly rates in full.

#### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant or otherwise unnecessary. *See Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1521 (Fed. Cir. 1993). As the Secretary did not specifically object to the number of hours petitioner requests, I have reviewed the fee application for its reasonableness. *See McIntosh v. Sec'y of Health & Human Servs.,* 139 Fed. Cl. 238 (2018). A line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484. Petitioner requests a total of $35,291.40 in attorney's fees. Given the length of the case, the necessity for expert reports to ultimately resolve the case and the action taken by petitioner's counsel to take timely action, I find that the hours billed are reasonable and no reductions are necessary. **Accordingly, petitioner is awarded attorneys' fees in the amount of $35,291.40.**

#### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $8,656.72 in costs. This request includes the cost of filing the petition, obtaining medical records, postage and retaining and expert. Petitioner retained Dr. Domenick J. Sisto, an orthopedic expert, to review petitioner's medical records and draft a report. Fees App. Attachment 3 at 38. Dr. Sisto charged petitioner $500.00 per hour for his services. *Id.* This rate is consistent with other experts retained in the Vaccine Program. Further, Dr. Sisto provided a

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (accessed on October 15, 2019).

detailed invoice for the work performed. *See* Fees App. Attachment 3 at 38 and Pet. Ex. 22. The other costs, including obtaining medical records, travel and mailing costs are typical for this program and are reasonable. Additionally, counsel provided receipts and invoices related to these costs. **Accordingly, petitioner is awarded attorneys' costs in the amount of $8,656.72.**

V.  **Conclusion**

In accordance with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED. Accordingly, I will award the following:**

1) **A lump sum in the amount of $43, 948.12, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and her counsel, Ms. Alison Haskins of Maglio Christopher & Toale, PA, in Sarasota, Florida.[4]**

In absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).